**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                     Criminal No. 07-cr-017-01-PB

<u>Yvonne Thrasher</u>

**O R D E R**

On March 26, 2012, defendant appeared for a bail revocation hearing. At a previous bail hearing, on March 16, 2012, the court ordered defendant's detention until she could be released directly into Angie's Place, with a further hearing to be held upon the "completion or discharge of defendant from the program." As a condition of her release to Angie's Place, defendant was required to comply with all the rules and regulations of that program. Defendant was discharged from Angie's Place on March 23, 2012, for violating the program's curfew. Defendant's discharge forms the basis of the instant notice of bail violation. Although the court resolved the bail violation in defendant's favor, a further bail hearing was necessary as a result of defendant's discharge from the program. Following that bail hearing, the court ordered the defendant's detention.

The court issued its findings and rulings orally from the bench and incorporates those herein.  What follows is merely a summary of those findings and rulings.

1. Hearing on bail revocation

At the March 26, 2012, hearing, the court first resolved the government's request for bail revocation pursuant to 18 U.S.C. § 3148.  Officer Paul Daniel testified for the government and was cross-examined by defense counsel.  The court found that the government did not prove by clear and convincing evidence that defendant violated a condition of her release.  See 18 U.S.C. § 3148(b)(1)(B) (burden on government to show bail violation by clear and convincing evidence).  The government argued that, on the evening of March 23, 2012, defendant violated an 11:00 p.m. curfew by appearing in the residence at 11:02 p.m.  Defendant disputed that she was two minutes late.  The evidence was not clear and convincing on this discrepancy.  Accordingly, the court dismissed the notice of bail violation.

2. Further bail hearing

The court's ruling on the § 3148 issue did not end the matter.  Pursuant to the March 16 bail order, the court ordered that a further bail hearing would occur upon defendant's discharge from Angie's Place.  Defendant conceded she had been

discharged from Angie's Place. Accordingly, a further bail hearing was held. The government sought detention; defendant sought release. As defendant's underlying charge is a violation of supervised release, Rule 32.1(a)(6) places the burden on her to prove that she will not flee or pose a danger to the community. Defendant's discharge from Angie's Place, which occurred on her first day as a resident, is defendant's third discharge from a treatment program while under this court's supervision. Defendant was aware that her recent release from incarceration was dependent upon her compliance with the rules and regulations of Angie's Place. Before she had spent one night at the program, however, defendant decided to flout the rules by arriving either at the moment of her curfew, or minutes later. The evidence showed that a staff member at Angie's Place had requested defendant to check-in at 10:50 p.m., in advance of the 11:00 p.m. curfew. Not only was defendant deemed late for curfew, but the Angie's Place staff member wrote in defendant's incident report that defendant "appeared to be high." In short, defendant failed to meet her burden of showing by clear and convincing evidence that her release posed no danger to the community.

   Accordingly, it is **ORDERED** that the defendant be detained. The defendant is committed to the custody of the Attorney

General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **SO ORDERED.**

                                          _____
                                          Landya B. McCafferty
                                          United States Magistrate Judge

Date:  March 27, 2012

cc:  Matthew Stachowske, Esq.
     Robert Veiga, Esq.
     U.S. Probation
     U.S. Marshal